UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN TOWNSEND; BLT HOLDINGS I, INC., BLT HOLDINGS, II, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>KELLER WILLIAMS REALTY, INC., *et al.*,<br><br>        Defendants. | Civil No. 05cv1697-L(JMA)<br><br>**ORDER DENYING RENEWED EX PARTE APPLICATION TO REOPEN THE CASE** |

On May 16, 2008, Plaintiffs renewed their ex parte application to reopen case. For the reasons which follow, their application is **DENIED**.

By order filed March 20, 2006, the court granted Defendant Keller Williams Realty, Inc.'s ("KWRI") motion to compel arbitration, and stayed the case with respect to Plaintiffs' claims against Defendant Tom Colwell ("Colwell"), which were not arbitrable. The case was administratively closed subject to reopening upon the completion of the arbitration proceedings. Plaintiffs' claims against KWRI were settled during arbitration proceedings on March 2, 2007 and KWRI was dismissed with prejudice on March 7, 2007. Because Plaintiffs did not explain why they waited more than a year to move to reopen this case as to Defendant Colwell, their initial ex parte application was denied on May 12, 2008, with the instruction that any further

/ / / / /

application to reopen the case shall include a showing of good cause why the case should be reopened despite the lengthy delay.

In their renewed ex parte application, Plaintiffs challenge the court's authority to deny reopening the case, arguing that the March 20, 2006 order did not specify that they had to move to reopen within any particular period of time. The order states in pertinent part that the case would be stayed and administratively closed "until the completion of the arbitration proceedings. Upon proper application by a party, the Court may reopen this civil case." (Order at 11.) By stating that the case would be stayed "until the completion of the arbitration proceedings," the order provided the parties with guidance as to the appropriate timing of any application to reopen. The claims which were to be adjudicated in the arbitration proceedings were settled on March 7, 2007; however, Plaintiffs did not move to reopen until more than a year later.

Plaintiffs urge the court to consider its application to reopen under the same standard as dismissals for failure to prosecute under Federal Rule of Civil Procedure 41(b), and consider the following factors: "(1) the court's need to manage its docket, (2) the public's interest in expeditious resolution of litigation, (3) the risk of prejudicing defendant's defenses, (4) the policy favoring disposition of cases on the merits, and (5) the availability of less drastic sanctions." (Pls' Renewed Ex Parte Application at 5, citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).) Upon considering the factors under the circumstances of this case, the court declines to grant Plaintiffs' application.

District courts have the authority to dismiss *sua sponte* "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Whether the first two factors, the court's need to manage its docket and the public's interest in expeditious resolution of litigation, favor dismissal depends on whether Plaintiffs' delay was unreasonable. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998). Plaintiffs delayed for fourteen months. Without a specific explanation, this is not a reasonable time. Pursuant to Civil Local Rule 41.1(a), actions with no activity for more

/ / / / /

than six months may be dismissed by the court *sua sponte* for want of prosecution.[1] Plaintiffs have by far exceeded this period of time. In the May 12, 2008 order, the court provided them an opportunity to show good cause why the case should be reopened despite the lengthy delay. Plaintiffs filed a declaration stating that they did not have sufficient funds until now to reopen the case due to the downturn in the real estate market. The declaration raises more questions than it answers. It implies that significant funds are required to reopen a case, however, reopening does not require a filing fee or service of summons. The expenses associated with it therefore are comprised of attorney's fees. Plaintiff Dan Townsend[2] could proceed *pro se* if he lacked sufficient funds to retain counsel. Furthermore, the downturn in the real estate market was not generally apparent until early this year rather than fourteen months ago. Because the downturn continues through this date, the statement that Plaintiffs recently obtained funds which they were previously lacking due to the downturn in the real estate market also raises questions. In the absence of any specifics whatsoever, this vague explanation is groundless and not credible, especially in light of the court's expressed concern regarding the lengthy delay. Based on the foregoing, the court finds that Plaintiffs' delay was unreasonable. The first two factors therefore support dismissal.

"The law presumes injury from unreasonable delay . . . regardless of whether the defendants have shown any actual prejudice." *Hernandez*, 138 F.3d at 400; *see also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991) ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."). To overcome the presumption, a plaintiff must "present an excuse for their delay that is anything but frivolous." *Hernandez*, 138 F.3d at 400. Plaintiffs' excuse in this case is so devoid of specifics and credibility as to be frivolous. Furthermore,

---

[1] Furthermore, Federal Rule of Civil Procedure 60(b), which provides for relief from a final judgment, must be made within a reasonable time. The rule sets one year as the maximum time for some of the grounds for relief, suggesting that a period longer than a year is generally not reasonable.

[2] Mr. Townsend declared that the entity Plaintiffs had assigned their litigation claims to him.

1  Defendant Colwell opposes the application on the grounds that the substantial delay will result in
2  difficulty locating documents and other potential evidence during discovery and that the
3  memories of witnesses about the events which had occurred several years ago have dimmed with
4  the passage of time.  "Prejudice normally consists of loss of evidence and memory."  *PPA Prod.*
5  *Liab. Litig.*, 460 F.3d at 1228.  The third factor, risk of prejudice to defendant's defenses,
6  therefore also supports dismissal.

7  Although the fourth factor, policy favoring disposition of cases on the merits, often
8  counsels against dismissal, it "lends little support to a party whose responsibility it is to move a
9  case toward disposition on the merits but whose conduct impedes progress in that direction."
10 *PPA Prod. Liab. Litig.*, 460 F.3d at 1228; *see also Morris*, 942 F.2d at 652 ("although there is
11 indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to
12 move towards that disposition at a reasonable pace").

13 Last, in considering the fifth factor, the availability of less drastic sanctions, the court
14 may either discuss or try other alternatives, or warn the plaintiff of the chance of dismissal.
15 *Hernandez*, 138 F.3d at 404.  In this case, the issue presents itself in the context of the
16 application to reopen the case, rather than the typical posture where a pending case may be
17 dismissed. Rather than denying Plaintiffs' application outright, the court provided them with an
18 alternative and a warning.  The May 12, 2008 order, which denied Plaintiffs's ex parte
19 application without prejudice, gave them an opportunity to renew the application and show good
20 cause why the case should be reopened notwithstanding the lengthy delay.  Instead of providing
21 a good faith explanation for the delay, Plaintiffs proffered a vague declaration devoid of
22 specifics or credibility.

23 For the foregoing reasons, Plaintiffs' renewed ex parte application to reopen the case is
24 **DENIED**.

25 **IT IS SO ORDERED**.
26 DATED:  May 29, 2008

27
28                                           M. James Lorenz
                                             United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL